NOT DESIGNATED FOR PUBLICATION

No. 121,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

JOE NORWOOD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed June 19, 2020. Affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: Dale M.L. Denney petitioned for a writ of habeas corpus under K.S.A. 60-1501, asserting a due process claim relating to the prison's classification of him as a sex offender. Denney contended Warden Joe Norwood mismanaged him as a sex offender pursuant to the Kansas Offender Registration Act (KORA) because Denney was convicted of his crimes before the date qualifier in the statute. The district court found Denney was not being managed as a sex offender under KORA. Instead, he was appropriately managed as a sex offender under the Kansas Department of Correction's Internal Management Policy and Procedure (IMPP) 11-115A (2016). Therefore the district court summarily dismissed Denney's petition. Denney appealed, arguing the

1

district court erred in summarily dismissing his petition because he was managed as a sex offender under KORA, he was not notified of his status under IMPP 11-115A, and he has a liberty interest in his classification of a sex offender. After review, we affirm the district court's summary dismissal of the first two issues because Denney failed to assert a claim for which relief could be granted, and we find that Denney failed to preserve the third claim.

FACTS

Denney is an inmate in the Kansas Department of Corrections (KDOC). In 1988, Denney was convicted of rape and aggravated burglary. After being paroled, Denney was convicted of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. In 1994, Denney was sentenced to 228 months in the custody of KDOC. According to KDOC documents, Denney is classified and managed as a sex offender within KDOC pursuant to IMPP 11-115A. KDOC identifies, treats, and manages sex offenders in its custody under this provision.

In March 2017, Denney used an inmate request form to ask prison officials which statute KDOC used "to manage a person as a sex offender?" In response, a KDOC official told him, "Offender Registration Requirements [K.S.A.] 22-4901." Thus, the response cited the statutory reference for KORA. A few days later, Denney applied for an override request seeking full relief from management as a sex offender, alleging that he could not be classified as a sex offender pursuant to KORA because his crimes were committed before April 14, 1994. See K.S.A. 2019 Supp. 22-4902(b) ("'Sex offender' includes any person who: [1]On or after April 14, 1994, is convicted of any sexually violent crime."). Denney's request was denied on May 11, 2017.

A month later, on June 5, 2017, Denney filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501. In his petition, Denney alleged KDOC was improperly

managing him as a sex offender—pursuant to K.S.A. 22-4901 et seq.—because his crimes occurred before April 14, 1994. Norwood answered the petition and moved to dismiss it for failure to state a claim upon which relief could be granted. The district court held a hearing on the motion and ultimately denied Denney's petition and granted Norwood's motion to dismiss. In its findings, the district court determined Denney failed to allege any actions by Norwood that were violations of Denney's constitutional right to due process.

Denney subsequently filed a pro se, posttrial motion requesting relief from judgment. In his motion, Denney asserted his due process rights were violated because he was not given proper notice of his sex offender management status and was not given a due process hearing in accordance with IMPP 11-115A. Seven months later, Denney's attorney filed a brief in support of the motion. The district court held a hearing on Denney's motion and found that Denney could not be managed as a sex offender under KORA. But the district court denied his motion for relief. In the district court's order, it determined "[t]here is no basis in statute or case law for the court to grant Denney's request" to not be managed a sex offender. The court found that any error by Norwood was harmless and "Denney has failed to show that the actions of the defendant, or the effects of the actions of the defendant, rise to a constitutional level requiring this court to [grant relief from judgment]."

Denney timely filed this appeal. We note Denney's projected release date is July 1, 2020.

ANALYSIS

*Did the district court err by summarily denying Denney's K.S.A. 60-1501 petition?*

The essence of Denney's first issue on appeal is that the district court erred by summarily denying his petition under K.S.A. 60-1501. He contends that the district court was mistaken in its finding that the prison's classification and management of him as a sex offender is not attributable to the prison's wrongful reliance on KORA.

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

Although the critical issue in this case is the validity of the district court's summary dismissal of his petition, there are three subsidiary issues which need to be resolved. We will consider each of them in turn.

1. *Did the exhibits attached to Norwood's motion to dismiss convert the motion into a motion for summary judgment?*

Denney filed his petition for writ of habeas corpus under K.S.A. 60-1501, and Norwood filed a response which also included a motion to dismiss the case. In his response and motion, Norwood argued Denney's petition should be dismissed because he "failed to state a claim upon which relief can be granted." Under K.S.A. 2019 Supp. 60-212(b)(6): "Every defense to a claim for relief in any pleading must be asserted in the

responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Thus, it appears Norwood moved to dismiss Denney's claim by utilizing this statutory provision.

This results in an issue not addressed by either party because Norwood attached multiple exhibits to his answer and motion. Under K.S.A. 2019 Supp. 60-212(d): "If, on a motion under subsection (b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, *the motion must be treated as one for summary judgment under K.S.A. 60-256, and amendments thereto*. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (Emphasis added.)

In *Sperry v. McKune*, 305 Kan. 469, 384 P.3d 1003 (2016), the Kansas Supreme Court considered an action brought by an inmate against a warden, KDOC, and other parties for alleged violations of the Eight Amendment to the United States Constitution, among other claims. In response, KDOC filed numerous motions to dismiss, one of which had an affidavit attached. The *Sperry* court explained that "[b]y filing this affidavit, KDOC defendants introduced matters outside the pleadings. This changed the appropriate standard for the motion." 305 Kan. at 481. The court reasoned:

> "K.S.A. 2015 Supp. 60-212(b)(6) explains this shift. It provides: 'If, on a motion under subsection (b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under K.S.A. 60-256.' By definition, a 'pleading' consists of a petition and an answer and not a filing such as the KDOC defendants' supplement to its motion to dismiss. Thus, in this case, the . . . affidavit should have served as the catalyst for converting the KDOC defendants' motion to dismiss into one for summary judgment. [Citations omitted.]" 305 Kan. at 481.

As mentioned, Norwood submitted multiple attachments as exhibits to his answer and motion. However, the district court did not treat Norwood's motion to dismiss as one

for summary judgment, and the district court never addressed whether it should treat it as such. In *Sperry*, the court ultimately found that because the defendants attached an affidavit to their motion to dismiss that referenced facts not pled by the inmate, the appropriate standard of review was the same for summary judgment. 305 Kan. at 480-81.

Here, it is arguable, the same could be true. Norwood's "Exhibit A" was a copy of Denney's KASPER inmate search results. Denney pled to some of this information in his own exhibits attached to his petition. However, Norwood's "Exhibit B" was a copy of IMPP 11-115A, which was not referenced as part of Denney's pleadings. As a result, Norwood's motion to dismiss referenced facts not pled by Norwood. The same is true for Norwood's "Exhibit C" which referenced Denney's projected release date and was not pled to by Denney.

While this could result in a similar finding as *Sperry*, the attachments could also be considered part of Norwood's response, rather than entirely related to his motion to dismiss. Considered as such, the attached exhibits would be a part of the pleading, which is permissible under K.S.A. 2019 Supp 60-210(c). See K.S.A. 2019 Supp. 60-207(a) ("*Pleadings*. Only these pleadings are allowed: . . . (2) an answer to a petition."); see also K.S.A. 2019 Supp. 60-210(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). *Sperry* can be distinguished in this way because the defendants in *Sperry* did not file their motions to dismiss as part of their response to Sperry's petition. Rather, they filed a "'Supplement to Motion to Dismiss'" where they raised the issue before the *Sperry* court of whether Sperry exhausted his administrative remedies before filing suit. 305 Kan. at 472-73. This supplement with the attached affidavit was the catalyst for converting the motion to dismiss into a motion for summary judgment. 305 Kan. at 481.

Because of this distinction, we hold that the documents attached by Norwood to his answer should be deemed attachments to his answer to Denney's petition and not part

6

of his motion to dismiss under K.S.A. 2019 Supp. 60-212(b)(6) for failure to state a claim upon which relief can be granted.

2. *If the district court erred in dismissing the petition, any error was harmless.*

Since we have found that Norwood's attached exhibits were permissible as part of the response pleading, we then proceed to address the remaining issues under a summary dismissal standard. But even if we are incorrect in our analysis, and the district court should have proceeded to apply summary judgment treatment to the case, we believe the error was harmless. See *Sperry*, 305 Kan. at 490-92.

In considering harmlessness, the *Sperry* court considered Kansas caselaw addresses harmlessness of a failure to follow Supreme Court Rule 141 (2020 Kan. S. Ct. R. 205). The *Sperry* court addressed the decision in *Rhoten v. Dickson*, 290 Kan. 92, 223 P.3d 786 (2010):

> "In that case, this court held that a district court erred when it did not require litigants to comply with Rule 141 after materials outside the pleadings were argued in relation to a motion to dismiss. The court explained that not requiring compliance 'risks confusion among the litigants and the court and runs a substantial prejudicial risk to the fair presentation of the facts and law.' But the court also noted the error could be harmless and cited cases supporting harmlessness when, for example, (1) the district court had excluded from its consideration any matters outside those in the petition; (2) the additional material did not otherwise infect the district court's consideration; or (3) the subsequent filings 'allowed for the proper presentation of the minimal number of uncontroverted facts required to establish defendants' entitlement' to relief. [Citations omitted.]" 305 Kan. at 490 (citing *Rhoten*, 290 Kan. at 103-05.)

The *Rhoten* court found the defendants erred when they filed their motion to dismiss and the district court erred when it granted dismissal instead of summary judgment. However, the court found the district court's error to be harmless "because the

7

subsequent filings of findings of fact prior to oral arguments allowed for the proper presentation of the minimal number of uncontroverted facts required to establish defendants' entitlement to issue and claim preclusion." 290 Kan. at 105. Unlike *Rhoten*, the *Sperry* court determined the error was not harmless and compared the facts to *McCullough v. Bethany Med. Center*, 235 Kan. 732, 683 P.2d 1258 (1984), where the court found reversible error when the district court failed to enforce Rule 141. *Sperry*, 305 Kan. at 490. In *McCullough*, the court noted that Rule 141 "is not just fluff," and found there was "no way to determine then or now what facts are or are not controverted or on what evidence the parties rely." 235 Kan. at 736.

In our case, the facts are more akin to *Rhoten* than *Sperry*. While it may have been error for the district court to grant dismissal instead of summary judgment, Denney filed a subsequent trial brief prior to oral argument that allowed for the proper presentation of uncontroverted facts that allowed him to address the claims made by Norwood in his response pleading and motion to dismiss. And, most importantly, none of the information contained in Norwood's exhibits has been disputed by Denney. Although it was new compared to what Denney pled, Denney was aware of all the information because he indirectly acknowledged his convictions and the IMPP policy in his petition. The only information not acknowledged by Denney was his release date, but this information was not considered by the district court. As a result, we find that the district court's error was harmless. Because the error was harmless, we will conduct an analysis of the remaining issues under a summary dismissal standard of review.

3. *The district court did not err in finding KORA was inapplicable to Denney's management as a sex offender.*

To reiterate, to state a claim for relief under K.S.A. 2019 Supp. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "[I]f, on

8

the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

As to this first issue, it is not entirely clear what Denney is arguing. The district court and Norwood both agreed with Denney's contention and found that he could not be classified as a sex offender under KORA. But, despite this, Denney argues that KDOC identified and managed him as a sex offender under KORA because multiple KDOC documents denoted that his sex offender determination "was made by statute."

As argued by the State, KORA is only applicable postincarceration and is not applicable to Denney while he is incarcerated. KORA requires a convicted felon to register under the act, and the purpose of the sex offender registration statute is to "protect public safety and, more specifically, to protect the public from sex offenders as a class of criminals who are likely to reoffend." *State v. Wilkinson*, 269 Kan. 603, 609, 9 P.3d 1 (2000).

Denney argues KDOC managed him as a sex offender under KORA, but the district court determined he was not. On appeal, Denney contends that "throughout the years of [his] management as a sex offender, KORA has always been cited as the reason. KDOC has classified [him] as a 'sex offender' under KORA because KDOC has stated as much and have in [Denney's] files and in the record of this case." Although he is not making an explicit argument that the district court's finding as to this issue was contrary to the evidence, Denney appears to suggest that this court should reweigh the evidence and find that he was managed as a sex offender under KORA. This is unpersuasive.

When a district court's decision is challenged for being contrary to the evidence, an appellate court does not reweigh the evidence or pass on the credibility of the witnesses. If the evidence, when considered in the light most favorable to the prevailing party, supports the verdict, then the verdict will not be disturbed on appeal. *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014). When viewed in the light most favorable to Norwood, the evidence supports the district court's finding that Denney was not managed as a sex offender under KORA, despite KDOC documents citing KORA as the reason. The evidence supports the district court's finding, primarily, because KORA is simply inapplicable. As stated by the district court:

"K.S.A. 22-4901 *et seq.* (the Offender Registration Act) applies only to determine who will be required to register upon sentencing or release from custody. The definition of 'sex offender' at K.S.A. 22-4902(b) has absolutely no application to KDOC's management of prisoners while they are incarcerated, and K.S.A. 22-4902 explicitly states that these definitions are 'as used in the Kansas offender registration act'."

We agree with the district court's conclusion and find that the district court did not err when it summarily dismissed Denney's petition as to his claim that he was being managed as a sex offender under KORA. Although the KDOC records complained of by Denney were obviously incorrect, the district court's finding were completely in accord with Kansas law.

*Did the district court err in finding IMPP 11-115A applies to Denney?*

In his second issue on appeal, Denney appears to be arguing that he did not receive proper notice of his sex offender management status under IMPP 11-115A and, as such, he "should not be held accountable for any prohibited behavior under IMPP 11-115A." Norwood argues that because Denney was convicted of sex crimes, he is eligible to be managed as a sex offender and was not entitled to a "'Due Process'" hearing under IMPP 11-115A.

This issue also implicates the summary dismissal of Denney's petition by the district court. As we have noted, to state a claim for relief under K.S.A. 2019 Supp. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson* 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

Denney relies on *Strong v. Bruce*, No. 97,204, 2010 WL 744774 (Kan. App. 2010) (unpublished opinion), to support his claim that because Norwood failed to provide proof of his sex offender classification and management, he cannot be held accountable for the additional restrictions and management procedures under IMPP 11-115A. In *Strong*, a disciplinary report was filed against Strong, an inmate managed as a sex offender, for violations of IMPP 11-115A. The hearing officer ultimately concluded that Strong had not been properly notified of his sex offender status under IMPP 11-115A and was found not guilty of the disciplinary report. A week later, Strong filed a grievance and complained of being managed under IMPP 11-115A policies, but the Unit Team responded that because Strong had been convicted of a sexually motivated offense, his status was correct.

Denney's arguments regarding *Strong* are confusing for two reasons. First, the facts of the two separate grievances Strong filed concerning his treatment as a sex offender under IMPP 11-115A represented just 2 out of 12 disciplinary matters, which were recited by Strong in his K.S.A. 60-1501 petition. Strong presented this litany to support his contention that "he was being stalked and harassed by an 'out of control' prison administration which created fake disciplinary reports and ignored and lost his numerous grievances." 2010 WL 744774, at *2. But the propriety of his classification as

11

a sex offender under IMPP 11-115A was not an issue the *Strong* panel considered, and the opinion specifically states that both claims regarding these issues were abandoned. 2010 WL 744774, at *1. Thus Denney's efforts to extrapolate the validity of his objections to sex offender classification based upon Strong's results at his disciplinary hearing are unavailing.

Second, unlike *Strong*, Denney has not challenged any disciplinary matters that have arisen pursuant to his management under IMPP 11-115A. Denney appears to suggest that *Strong* supports his argument because "KDOC does not hold inmates who were not notified accountable for the additional restrictions and management procedures of IMPP 11-115A, [Denney] also cannot be said to be subject to the same." However, not even the facts of *Strong* support this claim. The facts show that Strong was found not guilty of a single disciplinary report, but KDOC maintained that his sex offender management status was correct under IMPP 11-115A regardless of his not guilty finding. 2010 WL 744774, at *1. Nothing in these facts, nor the remainder of the opinion, support Denney's position.

Denney also argues that the district court's decision regarding his motion to reconsider was "outside of the jurisdiction of the district court." After reviewing the motion to reconsider, the district court found:

> "In spite of the numerous filings and arguments by Denney in this matter, the actual dispute is simple. Denney is managed as a sex offender by the defendant. Denney was incorrectly told he was being managed as a sex offender under the KORA (there has been no finding that KORA applies to Denney) when in fact he is eligible to be managed as a sex offender under the IMPP because of the nature of his convictions. Denney argues that because of this mistake in notification, he cannot be managed as a sex offender, even though he now knows the correct reason for his management as a sex offender.
> "There is no basis in statute or case law for the court to grant Denney's request. Denney is asking this court to punish the defendant for a harmless error by restricting his

12

management of prisoners in his custody. However, Denney has failed to show that the actions of the defendant, or the effects of the actions of the defendant, rise to a constitutional level requiring this court to take action."

We agree with this analysis by the district court.

Denney also relies on *Pool v. McKune*, 267 Kan. 797, 987 P.2d 1073 (1999), to argue the district court went outside its jurisdiction when it found the actions by prison administration—citing KORA instead of IMPP 11-115A—was a "'harmless error.'" In *Pool*, the Kansas Supreme Court considered whether plethysmograph testing of inmates as part of sexual abuse treatment program violated the inmate's Fourth Amendment rights under the United States Constitution. In evaluating the constitutional claims, the court determined that it "must accord great deference to prison administrators in their adoption and execution of policies and practices intended to advance 'valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security." 267 Kan. at 805 (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L. Ed. 2d 282 [1987]). Ultimately, our Supreme Court held that such testing by prison officials did not violate the Fourth Amendment. *Pool*, 267 Kan. at 806.

Here, Denney contends that "[i]nstead of deferring to prison administrators that their determination to classify [Denney] was pursuant to the KORA, the district court decided to find that this determination was both a mistake and a 'harmless error.' This finding is outside the jurisdiction of the district court pursuant to *Pool v. McKune*." The problem with Denney's argument is that prison administrators did not classify Denney as a sex offender pursuant to KORA, as he suggests. The district court made multiple factual findings that Denney was being managed as a sex offender under IMPP 11-115A. It would appear, once again, that Denney is asking us to reweigh the evidence and make a factual finding that he was being managed as a sex offender under KORA. Since we

13

agree with the district court's analysis, we are unable to make such determination. See *Gannon*, 298 Kan. at 1175-76.

In addition, nothing in the *Pool* opinion would suggest that the district court's finding would be outside of its jurisdiction. Kansas courts have consistently afforded prison administrators great deference with issues concerning prison administration, but there is no precedent to support Denney's contention that a district court finding actions to be a "harmless error" is outside of its jurisdiction. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). Consequently, Denney's argument fails.

The language of IMPP 11-115A states that "[s]ex offenders under the custody and supervision of the Secretary of Corrections shall be identified, treated, managed and supervised in accordance with policies and procedures outlined in this policy." As it pertains to Denney, IMPP 11-115A defines a sex offender as any offender who: "Has a current conviction for which s/he is incarcerated that is a sex offense" or "[h]as a past conviction for a sex crime, felony or misdemeanor, as an adult." Denney's convictions clearly meet these definitions. Because it has been established that Denney meets the criteria for management as a sex offender under IMPP 11-115A and thus is not entitled to relief, the district court's summary dismissal was proper. The district court did not err in finding IMPP 11-115A was applicable to Denney.

*Is a protected liberty interest affected by classification as a sex offender?*

In his final issue on appeal, Denney argues that he has a liberty interest in his classification as a sex offender within KDOC. Denney contends that this issue needs to be remanded to the district court because it requires fact-finding beyond what is

14

submitted in the pleadings. Norwood argues that Denney's claim fails because he did not meet the requirements of the due process "stigma plus" test.

Again, this is an issue of summary dismissal. To state a claim for relief under K.S.A. 2019 Supp. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

1. *Denney raises a new issue on appeal.*

At the outset, it appears Denney is raising a new argument on appeal. Denney alleges that this issue was raised in the petition, but in our review of the petition, the trial brief, and the motion to reconsider, this argument cannot be found. In his original petition, Denney argued:  "A Due Process violation can be established only if the claimant is able to establish that he or she was denied a specific procedural protection to which he or she is entitled." But this is the only mention of any claim related to due process.

The district court made no findings or holdings related to any claim of a liberty interest by Denney due to his classification. Similarly, preservation of this issue cannot be found upon review of the entire record. Issues not raised before the trial court cannot be raised on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). As a consequence, this issue was not preserved and will not be heard for the first time on appeal.

15

2. *Even if the issue is preserved, Denney has failed to meet the requirements of the "stigma plus" test.*

Although it is not clear, it appears Denney is arguing that his due process rights were violated when KDOC classified and managed him as a sex offender "under a statute which does not apply to him."

As we have noted, Kansas courts typically give penal authorities great deference in the management and operation of the prison system. *Schuyler v. Roberts*, 285 Kan. 677, 681, 175 P.3d 259 (2008). However, because inmates are confined to prison, they "retain certain constitutionally protected liberty interests to which the right of due process applies. To the extent a liberty interest survives an inmate's loss of personal freedom, the essence of incarceration, that liberty interest is entitled to protection." 285 Kan. at 681.

Prison authorities may implicate an inmate's protected liberty interests when they impose a restraint on the inmate's already limited freedom "and the restraint is atypical and a significant hardship on the inmate in relation to the ordinary incidents of prison life." 285 Kan. at 682. Generally, absent some more tangible interest, defamation of a person who has been mislabeled as a sex offender by the government does not implicate due process protections. 285 Kan. at 682. Characterization of an inmate as a sex offender requires the application of the "stigma plus" test to determine whether the alleged facts of a petition, if proven, establish the inmate has a liberty interest which was infringed without affording him due process of law. 285 Kan. at 683-84. The *Schuyler* court recognized a due process liberty interest in not being classified as a sex offender under IMPP in certain circumstances and held:

> "A petitioner asserting that the government has violated the Due Process Clause by impugning the petitioner's good name, reputation, honor, or integrity must demonstrate: (1) the government made a statement about the petitioner which is sufficiently derogatory to injure his or her reputation, which is capable of being proved

16

false, and which the petitioner asserts is false; and (2) the petitioner experienced some governmentally imposed burden that significantly altered the petitioner's status as a matter of state law." 285 Kan. 677, Syl. ¶ 5.

Here, Denney acknowledges that the stigma plus test applies to his complaint, but his analysis of the test is confusing. It appears Denney is arguing that he satisfied the first factor because KDOC mislabeled him as a sex offender under KORA—rather than under IMPP 11-115A—which was a statement made by the government that he asserted was false and could be proved false. See 285 Kan. 677, Syl. ¶ 5. However, Denney makes no claim that this mistake by KDOC was "sufficiently derogatory to injure [his] reputation." See 285 Kan. 677, Syl. ¶ 5. Adding more to the confusion, Denney does not dispute his convictions that qualify him as a sex offender under IMPP 11-11A.

Denney does not submit any argument as to how he meets the second factor. Rather, he argues that the "issue should be returned to the district court for determination appropriate with [the finding in] *Schuyler*." Denney's argument rests on the remedy ordered in *Schuyler*, where the Kansas Supreme Court remanded the case to the district court because the question as to the second factor "require[d] fact-finding beyond the examination of the pleading and its attachments as called in for K.S.A. 60-1503 and goes beyond our standard of appellate review." 285 Kan. at 687.

If Denney had met the requirements of the first factor, then his request for a remand for the district court to do additional fact-finding would have merit. However, the district court did not make appropriate fact-finding because this was not an issue Denney argued below. We would need to find that Denney preserved the issue and established the first factor before a remand to the district court would be required. But because Denney did not preserve the issue or establish that his reputation was injured, we find that Denney has not established a liberty interest in his sex offender classification. Because of this, we

17

hold that the district court did not err in summarily dismissing his K.S.A. 60-1501 petition.

Affirmed.